**UNITED STATES of America,**

v.

**Ocalin SOTO a/k/a Ocaline Ramos, a/k/a Ocalin Soto a/k/a Ocaline Soto, a/k/a Juan Suaz, a/k/a Mandro, Appellant.**

**No. 01–2781.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 7, 2002.

Filed March 26, 2002.

Before SCIRICA and COWEN, Circuit Judges, and RESTANI, Judge, United States Court of International Trade.*

## OPINION OF THE COURT

SCIRICA, Circuit Judge.

This is an appeal from a judgment of conviction and sentence in the United States District Court for the Western District of Pennsylvania. On September 4, 1997, Ocalin Soto was deported from the United States because of an aggravated felony conviction. On November 30, 2000, Soto was again discovered in the United States and arrested. Soto pled guilty to unlawful reentry after deportation in violation of 8 U.S.C. § 1326. On appeal, Soto contends the District Court erred in increasing the statutory maximum penalty based upon a prior conviction for an aggravated felony. We will affirm.

## I.

Under 8 U.S.C. § 1326(b)(2), aliens that have been deported and later found in the United States "whose removal was subsequent to a conviction for commission of an aggravated felony . . . shall be fined under such Title, imprisoned not more than 20 years, or both." Based upon a total of-

fense level of 21 and a criminal history category of III, Soto's guideline range was set at 46–57 months. The District Court sentenced him to a 46 month term of imprisonment and a three year term of supervised release. Soto contends his prior aggravated felony conviction should not have been used to enhance his sentence because it was not charged in the indictment or proven beyond a reasonable doubt. Nonetheless, Soto acknowledges the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) foreclose his position.

In *Almendarez–Torres*, the Supreme Court ruled that Congress' inclusion of the aggravated felony provision in 8 U.S.C. § 1326(b)(2) reflected only its "inten[t] to set forth a sentencing factor in subsection (b)(2) and not a separate criminal offense." 523 U.S. at 235, 118 S.Ct. 1219. The Court expressly refused to view the "aggravated felony" provision as an element of the offense, stating, "to hold that the Constitution requires that recidivism be deemed an 'element' of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as going to the punishment only." *Id.* at 244, 118 S.Ct. 1219 (citation and quotation omitted). The ruling in *Almendarez–Torres*, was explicitly preserved in *Apprendi*, where the Court ruled that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. As a result, Soto's arguments are meritless.

---

* The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

## II.

The judgment and sentence of the District Court will be affirmed.